**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward McPhail, an individual; Laurie McPhail, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> Cox Com, Inc., a Delaware Corporation dba Cox Communications Arizona, and Does 1 through 10, inclusive, <br><br> Defendants. | No. 2:11-cv-00551-DGC <br><br> **ORDER** |

Plaintiff Edward McPhail was employed by Cox Communications Arizona for approximately fifteen years until he was let go for excessive absences. Doc. 6, ¶13. He filed suit against Defendants on March 24, 2011. Doc. 1. The amended complaint alleges that Plaintiff was fired due to his wife's medical condition, and asserts violations of the Americans with Disabilities Act (count one), Title VII of the Civil Rights Act (count two), the Family Medical Leave Act (count three), and the Arizona Civil Rights Act (count six), as well as discrimination in ERISA benefits (counts four and five).

Defendant Cox Com, a Delaware corporation dba Cox Communications Arizona, has filed a motion to dismiss Plaintiffs' six causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 12. Plaintiffs responded to the motion (Docs. 13) and Defendants filed a reply (Docs. 14). The motions are fully briefed.

Docs. 6, 12, 13, 15. No party has requested oral argument. For the reasons stated below, the court will grant the motion in part, dismissing counts 2 and 5.

**I.  Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Finally, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not look* beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. . . . The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal citations omitted; emphasis in original).

**II.  Count One: Violation of the Americans with Disabilities Act.**

In count one of the complaint, Plaintiff asserts a claim under the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. ("ADA"). Doc. 6 ¶¶ 18-24. Defendants are alleged to have breached their ADA duties by adversely affecting the status of Edward McPhail's employment due to "the known disability" of Mrs. McPhail. Doc. 6 ¶ 20

(quoting 42 U.S.C. § 12112(b)(4)).

The ADA prevents employers from "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). An employer violates this provision if an employee's association with a disabled individual is a "motivating" or "substantial" factor in the employment action. *See Dark v. Curry County,* 451 F.3d 1078, 1084-85 (9th Cir.2006), *cert denied* 127 S Ct 1252 (2007).

Cox seeks dismissal of count one on the ground that the complaint does not allege, and Plaintiff cannot otherwise show, any fact establishing that Mrs. McPhail's medical condition and treatment "was the motivating force behind [the Plaintiff's] discharge." Doc. 12, page 6 (quoting *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1327 (9th Cir. 1992)). Cox submits that Plaintiff' allegations fall short of showing that it is plausible that Mrs. McPhail's medical condition and treatment motivated Plaintiff's discharge.

As proof of discriminatory motive, Plaintiff suggests that "the termination of Plaintiff . . . for too many absences was a pretext to wrongfully terminate him because of his association with a disabled person," and that "McPhail's termination for too many absences was a pretext to terminate Plaintiff . . . because he had to provide care for his wife and use . . . FMLA." Doc. 6 ¶ 16. Plaintiff alleges the following facts in support of these assertions: he had been employed by Defendants for approximately 15 years without reprimand; he had notified Defendants of his wife's condition in order to utilize leave given by the Family Medical Leave Act; his wife's cancer cost approximately $5,000 per month, paid by a healthcare plan funded by Defendants; and Defendants terminated Plaintiff's employment due to Plaintiff's excessive absences after he began using his FMLA leave to care for his wife. Doc. 6 ¶¶ 13-15.

In order to overcome a motion to dismiss, the facts alleged need only to "'nudge [Plaintiff's] claims' of . . . discrimination 'across the line from conceivable to plausible.'"

*Iqbal*, 129 S. Ct. at 1950-51 (quoting *Twombly*, 550 U.S. at 570). Plaintiff alleges that he was a qualified employee, worked without incident for over fifteen years, and was let go shortly after his wife developed a disability. If taken as true, these facts allow an inference of discriminatory motive due to the temporal proximity of the discharge and the development of a disability. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999); *Levine v. TERROS, Inc.*, CV08-1458-PHX-MHM, 2010 WL 864498 (D. Ariz. Mar. 9, 2010); *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1107 (D. Kan. 2003). Plaintiff has satisfactorily pled facts to establish a claim under the ADA. The motion to dismiss in regard to count one will be denied.

**III.   Count Two: Violation of Title VII, 42 U.S.C. § 12203**

In count two, Plaintiff asserts a claim under Title VII, specifically, 42 U.S.C. § 12203 et seq., § 1981a, §1988 et seq., and section 102(b) of the Civil Rights Act. Doc. 6 ¶¶ 25-30. Plaintiff alleges first that Defendant "retaliated" against him "when he was terminated from employment because of his relationship with a disabled person," and second, that Defendant has acted in a way that is "wrongful and in contravention of" the combined policy of each of the statutes above listed, which "prohibit[s] employers from discriminating, harassing and retaliating against any individual on the basis of . . . association with a person with a disability." Doc. 6 ¶ 26.

The retaliation provision states that "no person shall discriminate against any individual because such individual has opposed an act or practice made unlawful by this chapter[.]" 42 U.S.C. § 12203(a). To present a prima facie case of retaliation in violation of ADA, a plaintiff must establish that he engaged in activity protected by the statute, that he suffered adverse employment action, and that there was a causal connection between the protected activity and the adverse action. *Garber v. Embry-Riddle Aeronautical University*, 259 F.Supp.2d 979, 982-83 (Ariz. 2003) (citing *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1121, (9th Cir.2000)). In the amended complaint, Plaintiff alleges that his activity was protected by the general policy of various ADA and Civil Rights Act statutes.

Doc. 6 ¶ 26. Even if such an amalgam of policies could serve as a statutory basis for protection, Plaintiff's claim must be dismissed due to Plaintiff's failure to file a retaliation claim with the EEOC.

A plaintiff must exhaust his administrative remedies before bringing a Title VII claim in federal court. *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir.2001) (citing 42 U.S.C. § 2000e-16(c)). The scope of a Title VII action depends on the scope of the EEOC charge. *Id.* at 708. The Ninth Circuit has further held that even if the retaliation occurred due to discrimination (alongside an ADA claim), it will not stand unless the retaliation claim was first presented to the EEOC. *See Gannon v. Potter*, 298 F. App'x 623, 625 (9th Cir. 2008); *Sommatino* at 708. Because Plaintiff did not check "retaliation" on his EEOC form, he has not exhausted his administrative remedies. Exhibit A.

Failure to file appropriate EEOC forms cannot be fixed through amendment of the claim. The court therefore will deny leave to amend as futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave where the complaint could not be saved by any amendment).

**IV. Count Three: Violation of Family Medical Leave Act, 29 U.S.C. § 2601 et seq.**

Count three of the complaint alleges interference with Plaintiff's statutorily protected leave under the Family Medical Leave Act ("FMLA"), which provides twelve total work weeks of leave "in order to care for the spouse . . . of the employee, if such spouse . . . has a serious health condition." Doc. 6, ¶¶ 31-33, 29 U.S.C. § 2612(a)(1). Under the FMLA, it is unlawful for an employer to consider "'the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.'" *Bachelder v. Am. W. Airlines, Inc.,* 259 F.3d 1112, 1122 (9th Cir.2001) (quoting 29 C.F.R. § 825.220(c)).

To state a valid claim for violation of the FMLA, Plaintiff must allege facts that, if taken as true, establish "that [his] taking of FMLA-protected leave constituted a negative

factor in the decision to terminate [his employment]." *Bachelder* at 1125-26 (noting that the employer's admitted firing due to excessive absence provide "direct . . . evidence" of the employer's motives). Furthermore, the absences taken must be alleged to have been covered by the Act. *Id.*

Plaintiff has alleged that Defendants granted his FMLA leave beginning in December 2009, and that Defendants kept a record of his absences due to leave, informing him in June that he had approximately seven weeks remaining. Doc. 6 ¶¶ 13-14. Plaintiff alleges that Defendants began to issue verbal and written warnings concerning his absences, despite his insistence that they were due to FMLA leave. Doc. 6 ¶ 14. Finally, Plaintiff alleges that Defendants fired him for "too many absences," and that by Defendants' own calculation he had "never exhausted his FMLA leave." *Id.* As in *Bachelder*, the fact that Plaintiff was taking allowed FMLA leave coupled with the allegation that Defendants fired Plaintiff due to his absence establishes sufficient motive to support a claim of FMLA violation.

Defendants argue that Plaintiff failed to give proper notice of each instance of leave and that he failed to comply with Defendant's company policy, both of which are required by law. 29 CFR § 825.302(c) and (d). The issue of whether Plaintiff abided by the specific rules set forth by Defendant in reporting leave, however, is a factual question to be resolved at summary judgment or trial. Plaintiff has asserted a viable claim to relief, and the motion to dismiss will be denied as to count three.

**V.     Counts Four and Five: ERISA Discrimination, 29 U.S.C. § 1161 et seq.**

Count four of the amended complaint alleges discrimination in ERISA benefits under 29 U.S.C. § 1140 (§ 510 of ERISA), which states that "it is unlawful to discharge [a person] for exercising any right to which he is entitled under the provisions of an employee benefit plan." Plaintiff contends that his "termination of employment and [the] loss of benefits by his wife" violate the statute. Doc. 6 ¶ 34.

In order to sustain a claim under § 510, a "plaintiff-employee must show that his

[exercise of] benefits was the motivating force behind his discharge." *Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 881 (9th Cir. 1989). Plaintiff has pled the following facts relevant to the discussion of ERISA benefits: Plaintiff's wife was diagnosed with leukemia and stage four Lymphoma in November 2009 (Doc. 6 ¶ 13); Plaintiff's wife immediately underwent treatment for the disease (Doc. 6 ¶ 14); following treatment, Plaintiff's wife required medications which cost approximately $5,000 each month (Doc. 6 ¶ 15); Plaintiff began to receive verbal and written warnings at work for his absences during this time (Doc. 6 ¶ 14); and Plaintiff's employment was terminated following a tardiness on October 29, 2010 (Id.). Defendant submits that these factual allegations do not achieve the "*Twombly/Iqbal* plausibility standard" and "fall short of showing that it is *plausible* that Mrs. McPhail's medical condition, and her treatment for the same, were the 'motivating force' behind Mr. McPhail's discharge." Doc. 12 at 7 (emphasis in original). The Ninth Circuit has held, however, that in certain instances, "the timing of a discharge may . . . create the inference of reprisal." *Kimbro*, 889 F.2d at 881. The *Kimbro* court found a time period in excess of five years to be too long for such an inference. *Kimbro*¸ 889 F.2d at 881. In this case, where Plaintiff's discharge occurred within months of his wife's use of medical benefits, an inference may plausibly be made that the discharge was related to the use of benefits. The motion to dismiss on count four will therefore be denied.

Defendant also moves to dismiss Plaintiff's claim for legal damages pursuant to their fourth and fifth causes of action, asserting that "a plaintiff may seek '"to enjoin any act or practice which violates" § 510 or "obtain other appropriate equitable relief"' and that a 'plan participant's claim under § 510 does not implicate the federal right to a jury trial.'" Doc. 12 at 11 (citing *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Blaj v. Stewart Enterprises*, No. 09cv734-LAB(RBB), 2011 WL 669134, at *1 (S.D. Cal. Feb. 14, 2011). Plaintiffs do not dispute that compensatory and punitive damages, as well as a jury trial, are not here available (Doc. 13 at 8). Plaintiff will therefore be limited to relief in equity, and his claims for damages on this count will be dismissed.

Finally, as argued in the motion to dismiss, Plaintiff's fourth and fifth causes of action are so similar as to be indistinguishable under the law. The Court will grant the motion to dismiss count five, agreeing with Defendants that the wording of paragraph 29 ("Plaintiffs . . . were denied benefits unreasonably and wrongly") suggests denial of benefits during Plaintiff's employment and is unsupported by any factual allegation. The court will deny leave to amend count five, since count four, a substantially identical claim, will proceed.

**VI.  Count Six: Wrongful Termination in Violation of A.R.S. § 23-1501**

Count six alleges wrongful termination in violation of A.R.S. § 23-1501, which prohibits termination of employment in violation of "[t]he civil rights act, prescribed in Title 41, Chapter 9." A.R.S. § 23-1501(3)(b)(i), Doc. 6 ¶¶ 40-44. The most applicable Arizona Civil Rights Act ("ACRA") statute is A.R.S. §14-1463, which prevents discrimination in employment "because of the known disability of an individual with whom the individual qualified for the job or benefits is known to have a relationship or association." A.R.S. § 14-1463(F)(3). This language repeats the language of the ADA, 42 U.S.C. § 12112(b)(4), which Plaintiff relies upon in count one.[1] Therefore, as in count one, Plaintiff would need to allege facts establishing a discriminatory motive in order to sustain a claim under ACRA. Plaintiff has done so by alleging that he was fired shortly after his wife developed a disability. *See supra*, at II.

Defendant argues that ACRA is preempted by ERISA. Defendant cites *Felton v. Unisorce Corp.*, which holds that if "the motivating factor behind . . . termination was the defendant's attempt to evade benefit payments, preemption . . . is clear." 940 F.2d 503, 510 (9th Cir. 1991). *Felton* specifies that "[o]nly when the Arizona Civil Rights Act is used to remedy exactly the type of illegal activity proscribed by § 510 of ERISA, 29 U.S.C. § 1140, will it be preempted." *Id.* Therefore, insofar as Plaintiff's claim refers to the

---

[1] Arizona Civil Rights Act (ACRA) is generally identical to Title VII; therefore, federal Title VII case law is persuasive in interpretation of ACRA. *Bodett v. Coxcom, Inc.*, 366 F.3d 736 (Ariz. 2004).

wrongful termination of Plaintiff's health plan benefits, or his termination of employment due to defendant's desire to end medical benefits, it is preempted by ERISA. Because this claim is preempted, the motion to dismiss will be granted, and count six will be dismissed. The court recognizes, however, that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff is granted leave to amend count six to specify a non-preempted reason for his wrongful termination.

**IT IS ORDERED:**

1. That Defendant Cox's motion to dismiss under Rule 12(b)(6) (Doc. 12) is **granted in part and denied in part** as stated above. The motion is granted with respect to the retaliation claim under Title VII (count two), ERISA discrimination (count five), and wrongful termination (count six). The motion is denied with respect to the claims for violation of the ADA (count one), violation of FMLA (count three), and ERISA discrimination (count four).

2. Plaintiff may file an amended complaint with respect to count six on or before **November 1, 2011**.

DATED the 20th day of October. 2011.

David G. Campbell
United States District Judge